The Vice-Chancellor.
Chief Justice Dyer, as long ago as the 11th Elizabeth, defined a claim, to be a challenge by a man of the property or ownership of a thing which he has not in possession, but which is wrongfully detained from him. (Stowel v. Lord Zouch, 1 Plowd. Comm. 359.)
Tested by this definition, which has been recognized and approved as sound to this day, the right which the firm of Jackson & Losee had on the 25th of January, 1845, to recover against the complainant the property which he had replevied, or to recover the value of such property, and damages by reason of its seizure, was a claim against the complainant.
The decree made in this suit, establishes the position that all claims which Jackson & Losee had outstanding, on the 25th of January, 1845, were on that day assigned and transferred to the complainant.
The decree is. conclusive, not only upon Losee, but upon all persons who have, during the pendency of the suit, derived from him any title or interest in the claims thus transferred.
In this instance, the right was a pure thing in action, in which no one could acquire an interest as a purchaser in good faith without notice, so as to interfere with the force of the lis pendens. And aside from that circumstance, the transfer set up by Mr. Graves, is made to secure precedent debts ; the first in order being to Losee’s solicitors in this suit, and to his counsel.
I have no doubt, therefore, that the claim in the replevin suit, belongs to the complainant, in preference to Graves, and those for whom he acts; and the former is entitled to an order restraining the latter from further proceeding in the replevin suit, or instituting any other suit for the recovery of such claim.